[Crim. No. 1820. First Appellate District, Division Two.—September 21, 1934.]

THE PEOPLE, Respondent, v. LAWRENCE AVENELL, Appellant.

Frank Curran and L. B. Fowler for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried on an indictment charging the crime of pandering. The jury returned a verdict finding him guilty and he has appealed from the judgment on the verdict and from the order denying his motion for a new trial.

The principal point raised is that the evidence is insufficient. The prosecuting witness testified that the defendant sent her a letter addressed to her home in Fresno telling her that if she would come to San Francisco he could find employment for her. She arrived in San Francisco on a Sunday afternoon, was met by the defendant and one Brown, and was taken that evening to a house of prostitution where she remained until the place was raided by the police. There is some conflict in the testimony as to whether the defendant urged the prosecutrix to enter the house or merely suggested it. There is no conflict in the evidence that he procured a place for her in the house of prostitution within the meaning of the statute and that he knowingly led her to enter and to follow the trade of a prostitute.

Criticism is made of a remark of the trial judge in ruling on a question tending to impeach the prosecuting witness. She had testified on direct examination that the defendant had told her that the work secured for her was in a house of prostitution. On cross-examination she was referred to her testimony before the grand jury where she had said that she did not know the character of the place before she entered it. She was then asked if she had not changed her testimony because urged to do so by various police officers. She answered "no," and the trial judge stated: "I don't know that she is changing her testimony,

counsel." The remark could well have been omitted, but the defendant did not assign error and did not request an instruction.

We find no prejudicial error in the record.

The judgment and order are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 18, 1934.